```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Kenneth Forrence et al.

   v.                                    Civil No. 18-cv-134-LM
                                         Opinion No. 2018 DNH 140
Paul Koch and Acquvest, Inc.


**O R D E R**

Plaintiffs Kenneth and Diana Forrence brought suit in Hillsborough County Superior Court, Southern District against defendants Paul Koch and Acquvest, Inc., seeking to quiet title to a parcel of land and requesting that the court order Koch to remove items stored on the property. On February 9, 2018, Koch removed the case to this court. In his notice of removal, Koch asserted both diversity jurisdiction and federal question jurisdiction based on several federal statutes and constitutional amendments. See doc. no. 1.

On May 10, 2018, Koch filed a "notice of bankruptcy stay in effect." See doc. no. 14. In that notice, Koch states that his estranged wife has filed for bankruptcy in Connecticut, and that he believes this matter should be stayed in light of her bankruptcy filing. The court construed Koch's notice as a motion to stay the case and directed plaintiffs to respond.

In their response (doc. no. 15), plaintiffs addressed numerous issues and made several arguments, including: 1) the

motion to stay is without merit, 2) default was entered against Koch in superior court prior to Koch removing the case to this court and, most importantly, 3) the court lacks subject matter jurisdiction and the case should be remanded back to superior court.

In light of plaintiffs' challenge to the court's subject matter jurisdiction, the court directed Koch to "file a memorandum with any supporting materials demonstrating that the court has subject matter jurisdiction." Doc. no. 16 at 2. The court also noted that if "Koch fails to file his memorandum, the court will determine the existence of subject matter jurisdiction based on the parties' current filings." Id. Koch has since filed his memorandum. See doc. no. 17.

## STANDARD OF REVIEW

A removed case must be remanded to state court if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Federal courts have federal question jurisdiction when an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have diversity jurisdiction under 28 U.S.C. § 1332(a) when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." § 1332(a). In the context of disputes

over removal jurisdiction, it is the removing defendant's burden to show that removal was proper. See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008); see also Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013).

**DISCUSSION**

In his memorandum, Koch does not attempt to establish the existence of federal question or diversity jurisdiction. To the contrary, he argues that his wife's bankruptcy filing "removed jurisdiction from this court" until that case is closed. Doc. no. 17 at 2.

Koch is incorrect. Even if Koch's wife's bankruptcy filing would give rise to an automatic stay, the "court necessarily has the jurisdiction to determine whether it has subject matter jurisdiction over the case or controversy before it." In re Hawkins, 340 B.R. 642, 646 (Bankr. D.D.C. 2006) (noting that a federal court may make a threshold determination of its subject matter jurisdiction even when an automatic stay is in effect); Pennsylvania v. Tap Pharm. Prod., Inc., 415 F. Supp. 2d 516, 521 (E.D. Pa. 2005) (holding that the court's determination that a proceeding should be stayed "is subject to an important limitation: the existence of subject matter jurisdiction"). Thus, the court must determine whether it has subject matter

3

jurisdiction prior to addressing the parties' arguments concerning whether a stay of the proceedings is warranted.

I.  Federal Question Jurisdiction

Plaintiffs' complaint does not assert claims under the Constitution, laws, or treaties of the United States.  In his notice of removal, Koch states:

> Removal is based on grounds of . . . federal question under 28 U.S.C. § 1331, 28 U.S.C. § 1441, and including 28 U.S.C. § 1446, 28 U.S.C. § 1332, 28 U.S.C. § 1367, 18 U.S.C. § 1028, 42 U.S.C. § 1983, 12 U.S.C. § 1819(b)(2)(A), US Constitution Article II, First, Seventh and 14th Amendments, Federal Courts Jurisdiction and Venue Clarification Act of 2011, Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003), and legal writing at http://federalpracticemanual.org/node/14.

Doc. no. 1 at 1.  In his 34-page notice of removal, Koch includes a brief section titled: "Federal Question Jurisdiction."  Doc. no. 1 at 29.  It reads as follows:

> The US Federal courts have jurisdiction over the statutes, including the 42 U.S. Code § 1983, The "Act", the "Act" addressed herein, the laws and the issues herein, the Constitution, Fifth Amendment (for suppressing information), Seventh Amendment (for denying the Defendant right to a jury trial by suppressing information of extrinsic fraud barring the commencement of an action in equity in a state court under <u>Keystone Driller Co, v General Excavator Co.</u> 290 U.S. 240 (1933). <u>Keystone Driller Co, v General Excavator Co.</u> Nos 34 and 35:
>
> "...1) He who comes into equity must come with clean hands. P 290 U.S. 244. 2) This maxim applies only when some unconscionable act of Plaintiff has immediate and necessary relation to the equity he seeks in the litigation...", 14th Amendment.

4

Id. at 29.  The language above represents the entirety of Koch's discussion in his notice of removal of the existence of federal question jurisdiction.

Although Koch's statement in his notice of removal is unclear, he appears to assert federal question jurisdiction on the basis of plaintiffs moving for, and ultimately obtaining, an entry of default against him for failure to appear in superior court prior to his removal.[1]  Thus, his assertion rests on a theory that is in the nature of a <u>defense</u> to the lawsuit.

Even if plaintiffs' conduct in obtaining an entry of default could give rise to a cause of action based on a federal statute or the Constitution, it cannot establish federal question jurisdiction in this case.  Federal question jurisdiction must arise from the claim to relief and cannot originate from a defense.  See Rosselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004) ("[I]n deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's <u>claim to relief</u> rests upon a federal right . . . ." (internal citation and quotation marks omitted)); Lee Bank v. Bearbones, Inc., No. 3:17-CV-30120-KAR, 2017 WL 4540957, at *1 (D. Mass. Oct. 11,

---

[1] The majority of Koch's notice of removal pertains to plaintiffs' allegedly fraudulent behavior in obtaining the default against him in superior court.

5

2017) ("[R]emoval jurisdiction based on a federal question stems only on the basis of federal claims in the original complaint and not on defenses or counterclaims."). Therefore, the court does not have subject matter jurisdiction based on a federal question.

II. Diversity Jurisdiction

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). When, as in this case, the complaint does not claim a specific amount of damages, "the notice of removal may assert the amount in controversy."[2] Id. at § 1446(c)(2)(A). Removal of an action based on an amount asserted in the notice of removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount in section 1332(a)." Id. at § 1446(c)(2)(B).

In his notice of removal, Koch includes a section titled "Diversity of Citizenship Jurisdiction." Doc. no. 1 at 28. With regard to the amount in controversy, Koch provides:

---

[2] Consistent with New Hampshire practice, no specific amount of damages is claimed in the complaint. See RSA 508:4-c; Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 218 n.3 (D.N.H. 2004).

"The amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.  The original contract price on the land, in addition to the consideration of the purchase contract to the Defendant caveat, was $90,000.00 alone."  Id.

As discussed above, Koch did not address the existence of the court's subject matter jurisdiction in his memorandum or submit any evidence relating to the amount in controversy.  Thus, the only support for the existence of diversity jurisdiction is the unsworn statement contained in the notice of removal that plaintiffs purchased the property at issue for $90,000.  That statement is insufficient to establish that the amount in controversy requirement is met in this case.  See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) . . . when the plaintiff contests, or the court questions, the defendant's allegation" in its notice of removal); Sanders v. Luminescent Sys., Inc., No. 14-cv-188-PB, 2014 WL 2815810, at *1 (D.N.H. June 23, 2014) ("When the amount in controversy is disputed, courts require more than a bare allegation such as that included in defendants' notice of removal."); Robson v. Capitol Pizza Huts, Inc., No. 1:12-CV-100-GZS, 2012 WL 2861017, at *3 (D. Me. July 11, 2012) (defendant could not establish subject matter jurisdiction on basis of statement in notice of removal because "there is nothing in the

7

record that would permit the Court to find by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interests and costs").

For these reasons, Koch has failed to carry his burden to show that this court has subject matter jurisdiction over the case. Therefore, the case must be remanded to state court.

## CONCLUSION

For the foregoing reasons, this case is remanded to the Hillsborough County Superior Court.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 9, 2018

cc: Counsel and Pro Se Parties of Record